Argued April 27, affirmed June 1, 1977

In the Matter of Michael Lee Johnson, a Child.
STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY, *Respondent,*
*v.*
JOHNSON, *Appellant.*
(No. 50,070-B, CA 7178)
564 P2d 1363

George H. Hoselton, Newport, argued the cause for appellant. On the brief was Litchfield, Macpherson & Carstens, Newport.

W. Michael Gillette, Solicitor General, Salem, argued the cause for respondent. With him on the brief was James A. Redden, Attorney General, Salem.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

PER CURIAM.

**PER CURIAM.**

The juvenile appellant, found to be within the jurisdiction of the juvenile court by virtue of having committed an act which would be a crime if committed by an adult—first-degree rape—makes four assignments of error on appeal, all of which maintain that the facts do not establish a particular aspect of forcible rape.

What we said in *State ex rel Juv. Dept. v. H.,* 28 Or App 75, 558 P2d 856, Sup Ct *review denied* (1977), is applicable here.

"* * * Essentially, this issue turns upon whether we believe the minor who says he did not commit the act or a witness who says he saw the minor do and say things which are consistent with guilt.

"While it is true that in juvenile proceedings such as this, unlike in criminal cases, we are obliged to review de novo, the fact remains that on issues of credibility we give great weight to the trial judge who sees and hears the witnesses. Regardless of the fact that we review de novo, it is difficult to conceive of a case that turns on credibility in which we would reach a conclusion contrary to that reached by the trial judge. This is not such a case." 28 Or App at 77.

Affirmed.